**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-1897

KAFAYAT OLABISI YUSUFF,

            Petitioner,

      v.

MICHAEL B. MUKASEY, Attorney General,

            Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: September 10, 2008      Decided: September 24, 2008

Before WILKINSON, MOTZ, and SHEDD, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Randall L. Johnson, JOHNSON & ASSOCIATES, P.C., Arlington, Virginia, for Petitioner. Jeffrey S. Bucholtz, Acting Assistant Attorney General, Mary Jane Candaux, Assistant Director, Edward E. Wiggers, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kafayat Olabisi Yusuff, a native and citizen of Nigeria, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing her appeal from the immigration judge's denial of her requests for asylum, withholding of removal, and protection under the Convention Against Torture.

In her brief on appeal, Yusuff contends that she is entitled to withholding of removal based on the psychological harm that she will suffer if her U.S. citizen daughter returns with her to Nigeria and is subjected to female genital mutilation ("FGM"). We find that this claim is squarely foreclosed by our decision in Niang v. Gonzales, 492 F.3d 505, 512 (4th Cir. 2007) ("[B]ecause 'persecution' cannot be based on a fear of psychological harm alone, Niang's withholding claim fails as a matter of law because it focuses solely on the psychological harm she claims she will suffer if her daughter accompanies her to Senegal and is there subjected to FGM.").

Accordingly, we deny the petition for review.* We dispense with oral argument because the facts and legal contentions

---

*In her opening brief before this court, Yusuff has failed to raise any challenges to the denial of her requests for asylum, humanitarian asylum, protection under the Convention Against Torture, or voluntary departure. She has therefore waived appellate review of these claims. See Ngarurih v. Ashcroft, 371 F.3d 182, 189 n.7 (4th Cir. 2004) (finding that failure to raise a challenge in an opening brief results in abandonment of that challenge); Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999) (same).

2

are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>